# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

NATLEE BROWN,   No. CIV S-08-1714-MCE-CMK-P

    Petitioner,

  vs.   FINDINGS AND RECOMMENDATIONS

TINA HORNBEAK,

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Pending before the court is Respondent's unopposed motion to dismiss the petition on the grounds that it is barred by the statute of limitations (Doc. 18).

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.

## I. BACKGROUND

Petitioner was convicted by a jury of first degree murder, kidnapping for a carjacking, and carjacking.[1]  Petitioner appealed her conviction to the California Court of Appeal, where her judgment was affirmed on September 2, 2004.  Petitioner then filed a petition for review in the California Supreme Court, which was denied on November 17, 2004.  Petitioner next filed a petition for writ of habeas corpus in the Superior Court of California, County of Solano, on November 22, 2005, which was denied on January 5, 2006.  On February 2, 2007, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on February 8, 2007.  On November 19, 2007, she filed another petition for writ of habeas corpus in the California Court of Appeal, which was denied on November 29, 2007.  Finally, she filed a petition for writ of habeas corpus in the California Supreme Court on January 4, 2008, which was denied on June 18, 2008.  Petitioner filed her federal petition for writ of habeas corpus in this court on July 24, 2008.

## II. DISCUSSION

Respondent brings this motion to dismiss Petitioner's federal habeas corpus petition as filed beyond the one-year statute of limitations, pursuant 28 U.S.C. § 2244(d).

---

[1] The date of Petitioner's conviction is unclear.  Petitioner alleges the date of judgment was April 26, 2002.  Respondent alleges the date of her sentencing was May 16, 2003. Neither party provides the court with an abstract of judgment.  However, the exact date of judgment is irrelevant in this matter because the statute of limitations begins to run as of the date the state court judgment is final (after the direct appeals process is over).

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See

Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

        There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

        Here, Petitioner's statute of limitations began to run on February 17, 2005, 90 days after the California Supreme Court denied her petition for review. She filed her first state habeas petition on November 22, 2005, more than nine months after her conviction became final. Following the denial of her first petition, she waited another 13 months before filing her state habeas petition in the California Court of Appeal. She then filed a second petition in the

1 California Court of Appeal over nine months later. Following denial of that second petition, she
2 filed her final state petition in the California Supreme Court just over a month later.

3       Respondent argues Petitioner is not entitled to tolling of the statute of limitations
4 between her first and second state petition because 13 months was an unreasonable delay. She
5 also argues Petitioner is also not entitled to tolling between her second and third state petitions as
6 she was not moving to the next higher appellate level of review.

7       The court agrees with Respondent that the period of delay was unreasonable and,
8 therefore, petitioner is not entitled to interval tolling for the period of time between the denial of
9 her first state habeas petition, and the filing of her second state habeas petition 13 months later.
10 See Carey, 536 U.S. 214; see also Evans v. Chavis, 546 U.S. 189, 201 (2006) (observing that 30
11 to 60 days would normally be reasonable). Numerous judges who have considered this issue
12 agree that a delay far shorter than the delays involved here is unreasonable. See Contreras v.
13 Curry, 2008 WL 4291473 (N.D. Cal. 2008) (involving 88-day delay); Livermoore v. Watson,
14 2008 WL 802330 (E.D. Cal. 2008) (involving 78-day delay); Hunt v. Felker, 2008 WL 364995
15 (E.D. Cal. 2008) (involving 70-day delay); Young v. Hickman, 2008 WL 361011 (E.D. Cal.
16 2008) (involving 95-day delay); Bridge v. Runnels, 2007 WL 2695177 (E.D. Cal. 2007)
17 (involving 76-day delay).

18       In addition, the court agrees that Petitioner is not entitled to statutory tolling
19 between the denial of her second state petition and the filing of her third state petition nine
20 months later. Not only is the amount of time between the filings unreasonable, but Petitioner
21 was also not moving to the next higher appellate level of review as both of these petitions were
22 filed in the California Court of Appeal.

23       The undersigned finds that the statute of limitations began to run on February 17,
24 2005. By the time Petitioner filed her first state habeas petition, over nine months had passed,
25 leaving Petitioner just under three months left to file her federal petition. Her first state petition
26 was denied on January 5, 2006. Three months later, on or about April 5, 2006, the statute of

limitations expired. Her federal habeas petition was not filed until July 24, 2008, more than two years later and beyond the one-year statute of limitations.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss (Doc. 18) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 20, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE